**Gurpreet Singh BRAR, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–74250.

Agency No. A77–859–183.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 4, 2005.

Hardeep Singh Rai, George T. Heridis, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Elizabeth J. Stevens, Jeffrey Charles Parker, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT and PAEZ, Circuit Judges.

MEMORANDUM\*\*\*

Gurpreet Singh Brar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmation of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and review for substantial evidence. *See Gonzalez–Hernandez v.*

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003). We deny the petition for review.

The IJ provided an individualized analysis of Brar's situation and rationally construed the country reports in the record, which state that conditions have improved in India for Sikhs and that persecution on account of political opinion has diminished. *See Gonzalez–Hernandez,* 336 F.3d at 1000. Therefore, even taking Brar's factual contentions as true, substantial evidence supports the IJ's conclusion that changed country conditions indicate that Brar no longer has a well-founded fear of future persecution in India. *See id.* at 999–1000.

Because Brar does not meet the lower standard for asylum, it follows that he does not qualify for withholding of removal. *See id.* at 1001 fn. 5.

Finally, the IJ's finding of changed country conditions also supports the denial of Brar's CAT claim. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004) (finding no CAT eligibility where most of the government violence against stateless Palestinians had ended).

**PETITION FOR REVIEW DENIED.**